[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT #123
The plaintiff, CLP, alleges in its complaint that between July 19, 1989 and May 5, 1998, it supplied electricity to the defendant at his residence located at 90 Grandview Drive, Glastonbury, Connecticut. The plaintiff also alleges that during that time that one of two switches on the electrical meter at the residence was in the "off" position and that approximately one half of the electricity being supplied was unmetered.
The plaintiff alleges further that the switch was in the "off" position as the result of the actions of the defendant's agents during the construction or the renovation of the defendant's home.
The plaintiff claims that the defendant received electricity valued at $16,005.14 for which he was not charged as a result of the above mentioned allegations. In the first count of the complaint the plaintiff alleges breach of an implied contract, and in the second count, unjust enrichment. CT Page 8187
In addition to filing his answer with various special defenses, the defendant has filed a four count counterclaim. In the first count which sounds in negligence, the defendant claims that the plaintiff breached a duty to inspect, maintain, and repair the meter in question and as a result the defendant has suffered harassment, humiliation, embarrassment, adverse credit rating and undue and unnecessary legal expenses in defending the plaintiffs actions.
In count two of the counterclaim the defendant makes essentially the same claims but alleges a breach of its implied covenant of good faith and fair dealing.
In the third count of the counterclaim the defendant re-alleges the claims in counts one and two but further alleges that the conduct of the plaintiff in failing to inspect and repair the meter and properly bill the defendant and its subsequent attempt through this action to collect for unbilled electrical usage, amounts to unlawful, unfair, unethical and oppressive acts committed in the conduct of a trade or business and thus violative of CUTPA.
Finally, in count four, the defendant alleges negligent misrepresentations on the part of the plaintiff claiming that he justifiably relied on false information, negligently communicated to him by the plaintiff, that he was being properly billed for his electrical usage during the period of time in question.
The plaintiff has moved for summary judgment on all four counts of the counterclaims on the sole basis that the defendant can not establish that he suffered any damages as a result of the alleged conduct of the plaintiff other than those which he may have suffered as a result of this lawsuit having been brought and costs incurred in its defense. A review of the deposition transcripts attached to the plaintiffs motion does confirm that the only damages which the defendant can establish are the costs incurred in defending this action and the embarrassment and humiliation of having these claims made against him in this lawsuit. He cannot establish that his credit rating has been adversely afflicted. The defendant has not objected to the uncertified copies of the transcript of the defendant's deposition nor has the defendant submitted any documentary evidence to create an issue of fact regarding the above claims of the plaintiff.
Essentially, regardless of how the allegations are cast, the defendant is alleging in counts one, two and four of the counterclaim that any fault as to the alleged billing inaccuracies lies not with him but rather with the plaintiff in failing to properly inspect, maintain, and service CT Page 8188 the meter in question and thus the defendant and not the plaintiff, should prevail in this action. The damages are claimed to be the costs incurred and humiliation suffered as a result of these collection efforts.
Short of a successful claim for vexatious litigation after a successful defense of this action, the court cannot see any theory upon which the defendant would be entitled to damages of this nature even if he were successful in defeating the plaintiffs claim on the basis of the above assertions. It would appear to follow then, that counts one, two and four of the counterclaim must also fail for the same reason.
Count three, however, appears to be subject to a different analysis. It must be remembered, in dealing with this motion, that the plaintiff is not raising the sufficiency of the allegations but rather the claim is limited to one that all counts of the counterclaim must fail because the defendant cannot establish any damages other than those which arise from the institution of this lawsuit.
However in count three, the defendant alleges that the plaintiff engaged in unfair trade practices by failing to properly discover, and repair the meter, and properly bill the defendant and thereafterattempted to collect over $16,000 in unbilled electrical usage despite the prohibitions of Connecticut General Statutes § 16-259 (a). Thus in count four the institution of this action forms part and parcel of the alleged CUTPA violation.
The "ascertainable loss" claimed in count three would then properly include the damages incurred by the defendant in defending this lawsuit. The plaintiff has cited no authority to the effect that such a claim must await a successful defense of this action.
Therefore, the plaintiffs motion for summary judgment is granted as to counts one, two and four of the defendant's counterclaim and judgment in favor of the plaintiff may enter on those counts. The plaintiffs motion for summary judgment as to count three of the counterclaim is denied.
Bruce W. Thompson, Judge